UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

OMAR HASSAN,                          )
                                      )
            Plaintiff,                )
                                      )        No. 2:22 -CV-152-JRG-JEM
v.                                    )
                                      )
KEATH HAAS, Public Defender,          )
                                      )
            Defendant.                )

## ORDER AND REPORT & RECOMMENDATION

This case is before the undersigned pursuant to 28 U.S.C. § 636(b) and the Rules of this

Court on Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs

[Doc. 1], his Complaint for Violation of Civil Rights [Doc. 2], and his Application to Proceed In

Forma Pauperis With Supporting Documentation [Doc. 11]. For the reasons stated below, the

Court **DENIES AS MOOT** Plaintiff's Application to Proceed in District Court without Prepaying

Fees or Costs [**Doc. 1**] and **GRANTS** Plaintiff's Application to Proceed in District Court without

Prepaying Fees or Costs [**Doc. 11**]. The Court will therefore allow Plaintiff to file his Complaint

without the prepayment of costs. The Court, however, **RECOMMENDS** that the District Judge

dismiss Plaintiff's Complaint for failure to state a claim for which any relief may be granted.

## I.    DETERMINATION ABOUT THE FILING FEE

Plaintiff initially filed an Application to Proceed in District Court Without Prepaying Fees

or Costs ("First Application") [Doc. 1]. Plaintiff, however, did not submit the appropriate

documentation to proceed in forma pauperis [Doc. 6]. On December 12, 2022, the Court directed

Plaintiff to complete a prison account statement form or pay the filing fee within thirty days from

entry of the Court's Order [*Id.*]. The Court warned Plaintiff that if he did not submit his prisoner

account statement within thirty (30) days, he would be assessed the full amount of the filing fee and that the failure to pay the filing fee would warrant dismissal of his case for lack of prosecution. Three days after entry of the Court's December 12, 2022 Order, Plaintiff filed a notice of change of address [Doc. 7]. On December 21, 2022, the Court received a notice that its December 12, 2022 Order was returned by the Cocke County Jail as undeliverable [Doc. 8]. On the same day, the Court sent the December 12, 2022 Order to Plaintiff at his new address.

Plaintiff did not respond to the Court's December 12, 2022 Order [Doc. 10]. But because it appeared he was no longer incarcerated, the Court ordered Plaintiff to complete an updated application to proceed in forma pauperis and file it with the Court within fourteen (14) days from entry of the Order [*Id.*]. The Court notified Plaintiff that, if he failed to fully and timely comply with the Order, the Court would presume that Plaintiff is not a pauper, assess the full amount of fees, and order the case dismissed for want of prosecution should he not pay the fee [*Id.*]. Because Plaintiff did not comply with the Court's Order, the undersigned issued a Report and Recommendation, recommending that the District Judge deny Plaintiff's Application [*Id.*]. Three days later, the Court received Plaintiff's Application to Proceed In Forma Pauperis With Supporting Documentation ("Second Application") [Doc. 11]. The District Judge referred the Second Application to the undersigned [Doc. 12]. In light of the Second Application, the Court **DENIES AS MOOT** the First Application [**Doc. 1**].

Section 1915 allows a litigant to commence a civil or criminal action in federal court without paying the administrative costs of the lawsuit. *Denton v. Hernandez*, 504 U.S. 25, 27 (1992). The Court's review of an in forma pauperis application is normally based solely on the affidavit of indigence. *See Gibson v. R.G. Smith Co.*, 915 F.2d 260, 262–63 (6th Cir. 1990) (observing that "the filing of a complaint is conditioned solely upon a person's demonstration of

poverty in his affidavit and the question of frivolousness is taken up thereafter"). To proceed in forma pauperis, the plaintiff must show by affidavit the inability to pay court fees and costs—it is a threshold requirement. 28 U.S.C. § 1915(a)(1). One need not be absolutely destitute, however, to enjoy the benefit of proceeding in forma pauperis. *Adkins v. E. I. DuPont de Nemours & Co.*, Inc., 335 U.S. 331, 342 (1948). An affidavit to proceed in forma pauperis is sufficient if it states that the plaintiff cannot, because of poverty, afford to pay for the costs of litigation and still pay for the necessities of life. *Id.* at 339.

The Court finds the Second Application is sufficient to demonstrate that Plaintiff has no income and no assets. Considering Plaintiff's Second Application, it appears to the Court that Plaintiff's economic status is such that he cannot afford to pay for the costs of litigation and still pay for the necessities of life. Accordingly, the Court **GRANTS** Plaintiff's Second Application [**Doc. 11**]. The Court **DIRECTS** the Clerk to file the Complaint in this case without payment of costs or fees. The Clerk **SHALL NOT**, however, issue process at this time.

## II.      RECOMMENDATION AFTER SCREENING OF THE COMPLAINT

Although pro se pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), the Court must dismiss an in forma pauperis action under 28 U.S.C. § 1915(e) if the Court determines that the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B)(i)–(iii). Courts also have a "continuing obligation to examine their subject matter jurisdiction throughout the pendency of every matter before them." *Mich. Emp't Sec. Comm'n v. Wolverine Radio Co., Inc., (In re Wolverine Radio Co.*), 930 F.2d 1132, 1137 (6th Cir. 1991) (footnote omitted).

### A.    Summary of the Complaint

Plaintiff used the form complaint for civil rights violations pursuant to 42 U.S.C. § 1983 [Doc. 2].  Plaintiff names the following defendant: Keath Haas, Public Defender for Cocke County [*Id.* at 1].  Plaintiff asserts that, in connection with a state criminal proceeding in Cocke County, he was "forced to sign guilty by public defender[,]" and he seeks restoration of his rights and driving privileges and compensation for his time spent in jail [*Id.* at 5].

### B.    Screening of the Complaint

Plaintiff brings suit under § 1983.  Section 1983 allows a plaintiff to seek redress from state actors for "the deprivation of any rights, privileges, or immunities secured by the Constitution." *Nelson v. Campbell*, 541 U.S. 637, 643 (2004).  To state a claim under § 1983, a plaintiff must allege (1) a deprivation of rights secured by the "Constitution and laws" of the United States and (2) that a defendant caused harm while acting under color of state law.  *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

"Public defenders are not liable to suit under § 1983 because public defenders do not act under color of state law when representing indigent clients in criminal proceedings."  *Warren v. Holland*, No. 4:08-cv-56-M, 2009 WL 1362296, at *4 (W.D. Ky. May 14, 2009) (citation omitted); *see also Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding.").  Plaintiff sues Defendant in his capacity as a public defender.  Therefore, Plaintiff cannot state a § 1983 claim against Defendant because Defendant was not acting under the color of state law.

4

## III. CONCLUSION

For the reasons set forth above, the Court **DENIES AS MOOT** Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs [**Doc. 1**] and **GRANTS** Plaintiff's Application to Proceed In Forma Pauperis With Supporting Documentation [**Doc. 11**]. The Court **DIRECTS** the Clerk to file the Complaint in this case without payment of costs or fees. However, no process shall issue until the District Judge has ruled upon this Report and Recommendation,[1] because the undersigned **RECOMMENDS**[2] that Plaintiff's case be **DISMISSED** for failure to state a claim for which any relief may be granted.

Respectfully submitted,

Jill E. McCook
United States Magistrate Judge

---

[1] This matter is to be presented to the District Judge pursuant to this Report and Recommendation under the authority of *Gibson v. R.G. Smith Co.*, 915 F.2d 260, 263 (6th Cir. 1990), wherein the Court of Appeals states that such matters proceed automatically to a district judge for examination of the complaint after a magistrate judge has granted the petition to proceed without prepayment of costs.

[2] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Federal Rule of Civil Procedure 72(b). Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 153–54 (1985). "[T]he district court need not provide *de novo* review where objections [to the Report and Recommendation] are '[f]rivolous, conclusive or general.'" *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982)). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed. of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).

5